```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MICHAEL ENGLISH,

                            Plaintiff,           06-CV-6559T

              v.                                 DECISION
                                                 and ORDER
JO ANNE BARNHART, Commissioner
of Social Security

                            Defendant.
_____
```

INTRODUCTION

Plaintiff Michael English ("English") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability benefits.[1] Specifically, English alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because the Commissioner did not identify what weight was afforded to the opinions of plaintiff's treating physicians, and failed to obtain the opinion of a vocational expert stating that plaintiff could perform jobs readily available in the local economy.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by

---

[1] This case (formerly civil case 03-CV-0094(A)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated November 2, 2006.

substantial evidence, and was made in accordance with applicable law.  English cross-moves for judgment on the pleadings and seeks remand to the Commissioner for a new hearing.

## PROCEDURAL HISTORY

On December 28, 1999, plaintiff Michael English, a 44 year old former nursing home employee, applied for Social Security disability benefits and Supplemental Security benefits claiming that he had become unable to work as of October 1999, because of debilitating symptoms relating to his diagnosis as HIV-positive. English was denied benefits on January 28, 2000, and thereafter requested reconsideration which was denied on March 9, 2000. Plaintiff requested an administrative hearing which was held on October 5, 2000, at which hearing plaintiff was represented by an attorney.

On the basis of the hearings and the medical record, the ALJ found that although English suffered from asymptomatic HIV infection, which is a severe impairment under the Social Security Regulations, he did not suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments that constitute a disability.  The ALJ found that English retained the residual functional capacity to do "sedentary" work, and therefore, pursuant to the Social Security Regulations, he was not disabled.  English's appeal to the Social Security Appeals Counsel was denied by Order dated November

29, 2002. Thereafter, English timely-filed the instant action on February 5, 2003.

## DISCUSSION

I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be

granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

    II.   The Commissioner's decision to deny Plaintiff benefits was erroneous for failure to identify the weight afforded the opinions of plaintiff's physicians.

The medical record contains considerable evidence submitted by plaintiff's treating physicians indicating that plaintiff has diminished stamina as a result of his HIV-positive status. The ALJ, however, committed error by failing to identify what weight he afforded those opinions. Pursuant to the Social Security Regulations:

> Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 C.F.R. 404.1527(f)(2)(ii).  Because it is not clear from the record what weight was afforded to the plaintiff's treating physician-opinions, this case must be remanded to the ALJ for such findings.  Upon remand, the ALJ shall consider supplemental medical evidence submitted by the parties.  Thereafter, if necessary, the ALJ shall obtain the testimony of a vocational expert for purposes of determining whether or not plaintiff, given his functional limitations, can perform any job in the local economy.

## CONCLUSION

For the reasons set forth above, I grant plaintiff's motion for judgment on the pleadings and remand this case to the Commissioner for an <u>expedited</u> hearing for the purpose of considering supplemental medical information relating to plaintiff's condition, and, if plaintiff is found to be capable of performing any work, the taking of testimony regarding whether or not there are any jobs in the local economy which plaintiff could perform. In rendering a decision, the ALJ shall identify the weight afforded the various medical opinions upon which the parties rely.  Defendant's motion for judgment on the pleadings is denied.  As this action has been transferred to this court, I shall retain jurisdiction over any future proceedings in this matter, should they arise.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          November 6, 2006